IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVEN L. SCHULZ,<br><br>   Plaintiff,<br><br><br><br>vs.<br><br><br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER ON ADMINISTRATIVE APPEAL<br><br><br><br><br><br><br><br>Case No. 2:06-CV-383 TS |

I.  PROCEDURAL BACKGROUND

Plaintiff originally filed for SSI benefits on January 22, 2003, alleging disability due to a psychotic disorder and chronic back pain, with an alleged onset date of April 22, 2000.  The claim was denied initially and upon reconsideration; a request for hearing was timely filed.  A hearing was held before an Administrative Law Judge ("ALJ") on April 15, 2005, where Plaintiff appeared and testified.  Additionally, Jack Hurst, a vocational expert ("VE"), appeared and testified.  The ALJ issued an adverse decision on October 3, 2005.  Plaintiff made a timely request for review with the Appeals Council.  The Appeals Council denied the request for review in a notice dated March 10, 2006, accepting the ALJ's decision as the final decision of the

1

Commissioner of Social Security ("the Commissioner"). Plaintiff filed a Complaint with this Court on May 10, 2006. The Court heard oral argument on December 14, 2006, and took the matter under advisement. The Court is now ready to rule, and will remand this case to the ALJ, as is further discussed below.

## II. STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to determining whether its findings are supported by substantial evidence and whether the correct legal standards were applied.[1] If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[2]

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] Also, "[s]ubstantial evidence requires 'more than a scintilla, but less than a preponderance.'"[4] The ALJ is required to consider all of the evidence, although he or she is not required to discuss all of the evidence.[5]

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Richardson v. Perales*, 402 U.S. 389, 402 (1981).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (internal citation omitted).

[4] *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988) (internal citation omitted); *see also White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001).

[5] *Clifton*, 79 F.3d at 1009.

The Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the ALJ's.[7]

### III.  DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining disability.[8] The five steps are: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets or equals the criteria for an impairment listed in Appendix 1 of 20 C.F.R. Subpt. P; (4) whether the impairment prevents the claimant from performing his past relevant work; and (5) whether the impairment prevents the claimant from performing other work.  The burden is on the Plaintiff to meet the first four steps.  However, if Plaintiff does meet all four, the burden shifts to the Commissioner to establish that there are other jobs existing in a significant number in the national economy which Plaintiff is capable of performing.

In this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date he alleged he became disabled and that he suffers from severe impairments.  The ALJ found, at step three, that Plaintiff's conditions do not meet or equal a listed impairment.  The ALJ also found that Plaintiff could not return to any of his past relevant work.  Finally, the

---

[6]*Shepard v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7]*Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

[8]*See* 20 C.F.R. § 404.1520(a)-(f).

ALJ found that Plaintiff was not disabled because he could return to work at other jobs. The ALJ's findings at steps one, two, and four are not in dispute here.

In his appeal, Plaintiff raises the following issues: whether (A) the ALJ properly found that Plaintiff's limitations do not meet or equal a listed impairment, (B) the ALJ correctly determined Plaintiff's Residual Functional Capacity ("RFC"), (C) the ALJ's hypothetical to the VE was proper, (D) the ALJ failed to resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"), and (E) new and material evidence exists.

The Court has reviewed the facts as set forth by the parties in their briefs, as well as the entire certified record, and makes its ruling as discussed below.

*A. Finding that Plaintiff's Limitations Do Not Meet or Equal a Listed Impairment*

Under the third step of the process for determining disability, the ALJ must determine whether the claimant's impairment meets or equals a listed impairment. Plaintiff alleges that the ALJ improperly failed to find that Plaintiff met Listing 12.03 for Psychotic Disorder. When an ALJ arrives at a conclusion unfavorable to the plaintiff, the ALJ must discuss evidence supporting her decision and give the reason or reasons for finding that the claimant is not disabled.[9] While the ALJ must *consider* all of the evidence in arriving at a decision, a *discussion* of all the evidence is not required.[10]

---

[9] *Clifton*, 79 F.3d at 1009.

[10] *Id.* (emphasis added).

At the outset of her findings, the ALJ notes that she made her decision "after careful consideration of the entire record."[11] In finding that Plaintiff's condition did not meet or equal a listed impairment, the ALJ noted that she gave "special review . . . to [Listing] 12.03[, but that] the undersigned finds that the written evidence and the testimony do not meet these criteria."[12] Furthermore, in making her determination, the ALJ specifically set forth the individual criteria of Listing 12.03, her findings as to each, and references to support the findings as discussed in more detail below.[13]

Substantial evidence in the record supports the ALJ's decision. The requirements for listing under 12.03 are satisfied when an applicant meets subparts (A) and (B) of the listing, or if the applicant meets subpart (C). Here, Defendant concedes that Plaintiff met the requirements of subpart (A), and Plaintiff does not argue that he meets subpart (B). Therefore, the Court briefly discusses the evidence pertaining to subpart (C).

Listing 12.03(C) requires a medically documented history of chronic schizophrenic disorder of at least two years duration that causes a more-than-minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication. The evidence in the record indicates that at least one physician determined in August of 2003 that Plaintiff had no diagnosable mental impairments. It was not until March 11, 2004 that Plaintiff was hospitalized for his mental condition, at which date the first medically documented evidence of

---

[11]R. at 21.

[12]*Id*. at 22.

[13]*Id.* at 17-18.

schizophrenic disorder appears in the record.[14]  Accordingly, the Court finds that the ALJ did not err in making her determination as to listing.

    *B.  RFC Determination*

Plaintiff argues that the ALJ's finding that he had an RFC for medium-level work was not supported by substantial evidence.  More specifically, Plaintiff argues that the ALJ's characterization of the type of medium unskilled work Plaintiff was able to perform so limited the category as to effectively preclude him from working in any occupation within it.  Plaintiff cites Social Security Ruling ("SSR") 83-12 for the proposition that if the exertion level falls between two rules, and if the exertional capacity is significantly reduced in terms of the regularity definition, the occupational base for the lower rule and a finding of "disabled" *could be* justified.  However, the Court notes that the ruling does not *mandate* a finding different from that of the ALJ's, and goes on to state of such a scenario that "more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability."  While the ALJ did limit the remaining occupational base, the Court is satisfied that the ALJ also sufficiently considered the occupational base in making her determination that there was no disability.

Plaintiff also argues that the ALJ's determination that Plaintiff only had the ability to stand or walk for one to two hours at a time is inconsistent with medium level work, as defined in SSR 83-10, which requires one to be on one's feet for most of the workday.  The Court is

---

    [14]Counsel for Plaintiff indicated at the hearing the possibility of earlier medically recorded evidence.  However, the Court notes that there are no earlier references either in the briefs or the certified record that sufficiently demonstrate to the Court that Plaintiff has met the requirements of Listing 12.03(C).

unconvinced that there is an inconsistency here. That one may require rest every couple of hours does not mean that one cannot stand or walk for approximately six hours in an eight-hour workday, as per SSR 83-10. Moreover, any evidence in the record which could be construed to support that Plaintiff could not stand or walk for six hours a day was given by Plaintiff himself. Based on the evidence in the record, the ALJ made a determination that Plaintiff's testimony was not entirely credible.[15]

Finally, Plaintiff argues that SSR 85-15, which states that someone who is of advanced age, has a limited education, no relevant work experience, and more than a non-severe mental impairment will generally be found to be disabled, requires reversal of the ALJ. However, the Court notes that this ruling does not *require* a finding of disability, and is factually distinguishable here because Plaintiff, with four years of college education, does not have a limited education. Accordingly, the Court finds that the ALJ's determination of Plaintiff's RFC is supported by substantial evidence, and, in making her determination, the ALJ correctly applied the law.

*C. The ALJ's Hypothetical*

Plaintiff argues that the VE's testimony at step five was not supported by substantial evidence because the ALJ did not include Plaintiff's mental limitations in her hypothetical questions. Plaintiff asserts that the ALJ's only accounting for Plaintiff's mental impairments was her statement that Plaintiff cannot work in a position with more than "limited public contact."[16] Defendant does not address this issue in her memorandum.

---

[15] R. at 19.

[16] R. at 415.

"[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision."[17] However, here, the ALJ explicitly addressed Plaintiff's mental RFC and determined that there were no limitations.[18] The ALJ's determination is supported by substantial evidence. Therefore, the ALJ need not have included the non-existent limitations in her hypothetical to the VE. The ALJ's hypothetical was appropriate.

    *D. Failure to Resolve Conflicts Between the VE's Testimony and the DOT*

Plaintiff argues that the ALJ improperly failed to inquire as to, and resolve, conflicts between the VE's testimony and the DOT. Plaintiff emphasizes that while, as set forth by the DOT, the jobs of tumbler operator and kitchen helper require medium-level exertion, at the hearing, the VE found that these jobs could be accomplished with significantly less exertion levels. Plaintiff asserts that this conflict was not accounted for at the hearing below.

Under *Haddock v. Apfel*,[19] and SSR 00-4p, the ALJ must inquire as to, as well as explain, any discrepancies between the VE's testimony and the DOT at step five. Interestingly, Defendant, in her memorandum, concedes that a conflict existed between the VE's testimony and the DOT, but argues that the VE expressly identified the conflict, and then accounted for or explained it. The Court finds no support in the hearing transcript for this proposition. At no point did the ALJ inquire as to a potential conflict, and at no point did either the ALJ or the VE

---

[17] *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).

[18] R. at 19.

[19] 196 F.3d 1084, 1087 (10th Cir. 1999).

indicate that a discrepancy existed. Furthermore, no attempt was made to account for a discrepancy. Therefore, this matter must be remanded in order to allow the ALJ to inquire as to, as well as explain, the discrepancy.

### E. New and Material Evidence

Plaintiff asks the Court to remand this action because, as per sentence six of 42 U.S.C. § 405(g), there is new and material evidence, and good cause exists to explain the absence of the evidence from the prior proceeding. Specifically, Plaintiff's counsel states that she mistakenly believed that an August 5, 2004 Physical Residual Functional Capacity Form ("the Form") authored by Plaintiff's treating physician, Dr. Madsen, had been submitted into evidence before the ALJ. Plaintiff's counsel referred to the Form in her hearing brief and her letter brief to the Appeals Council, but notes that it is absent from the file before this Court. Defendant argues that remand is inappropriate because the evidence is not material, and because no good cause supports its absence.

The Court may remand a case for consideration of new evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in [the] prior proceeding."[20]

As a preliminary matter, Defendant, citing the Tenth Circuit case of *Attberry v. Finch*,[21] correctly points out this Court may not consider the Form within its review for substantial

---

[20] 42 U.S.C. § 405(g); *Hargis*, 945 F.2d at 1493.

[21] 424 F.2d 36, 39 (10th Cir. 1979).

evidence and may not add it to the existing record, but may only address whether it constitutes new evidence requiring remand.

Plaintiff submits that the Form constitutes *new* evidence, and Defendant does not contest this. Plaintiff argues that the Form is *material* because the opinions of treating physicians are given controlling weight if well-supported and consistent with other evidence on the record.[22] Defendant argues that the Form is not material because it does not discuss the duration of the alleged limitations, is inconsistent with Dr. Madsen's previous opinions, and would not have changed the ALJ's decision.

Evidence is material if there is a reasonable possibility it would have changed the administrative decision.[23] The Court finds that the Form is not material because, in her decision, the ALJ found that Dr. Madsen's underlying opinion was not to be given controlling weight due to inconsistencies with other evidence in the record, including Dr. Madsen's own findings from examinations.[24] Considering this, and assuming that the Form was not before the ALJ, there is no reasonable possibility that the ALJ would have changed her decision, were she given the opportunity to consider the Form.

---

[22]*See, e.g.*, White, 287 F.3d at 907.

[23]*See Chambers v. Barnhart*, 389 F.2d 1139, 1144 (10th Cir. 2004) (addressing materiality as related to Appeal Council review under 20 C.F.R. §§ 404.970(b) and 416.1470(b)); *see also* Andrew M. Campbell, *Order, Based on New Evidence Provision of 42 U.S.C.A. § 405(g), that Additional Evidence be Taken in Administrative Proceeding to Establish Eligibility for Benefits under Social Security Act*, 152 A.L.R. Fed. 123, § 3 (demonstrating that reasonable possibility standard is majority rule among federal circuits).

[24]R. at 19.

Even if Plaintiff's new evidence were material, Plaintiff has not demonstrated that there is good cause for its absence from the record. Plaintiff argues that there is good cause because Plaintiff's counsel believed that the Form was part of the record, and because the ALJ and Appeals Council had notice that the Form existed because it was referred to in Plaintiff's briefs below. On the other hand, Defendant asserts that good cause does not exist here where nothing in the record indicates that Plaintiff submitted the Form in a timely manner, and because Plaintiff had the opportunity to review the evidence before the Appeals Council and to submit the Form then, but did not do so.

Plaintiff here has the burden of demonstrating good cause. Yet Plaintiff fails to argue or set forth any evidence that dissuades the Court from believing that the Form's absence from the record was simply caused by Plaintiff's failure to properly submit it. Absent more explanation, a mistaken belief that evidence is part of the record when it, in fact, is not, is not sufficient to establish good cause. In short, because Plaintiff's new evidence is not material, and because its absence from the record is not supported by good cause, the Court will not remand for the consideration of the alleged new evidence.

## IV.  CONCLUSION

Having made a thorough review of the entire record, the Court finds that, with the exception of the ALJ's failure to resolve conflicts between the VE's testimony and the DOT, her decision is supported by substantial evidence. However, the ALJ's responsibility to resolve such conflicts is clear under both case law and Social Security rulings. Therefore, the Court

REMANDS this action to give the ALJ the opportunity to explain and attempt to resolve the discrepancies noted above.

DATED   January 16, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge